JOHN P. BRANCH, plaintiffs in error, *vs.* the MECHANICS BANK, defendant in error.

Whether paragraph 11 of section 17 of Article 5 of the Constitution of Georgia, of 1868, is contrary to the Constitution of the United States, and as to its construction.    *Quere.*    (R.)

Constitutional Law.    Decided by Judge GIBSON.    Richmond Superior Court.    June Term, 1869.

In August, 1867, Branch brought assumpsit against the Mechanics Bank, a corporation, for $13,320 00, besides interest and damages, because of its refusal, on demand, made in May, 1867, to pay certain of its bank notes, issued in the years 1842–43–50–51–52–53–54–56–57, and fully described in the petition.

The defendant pleaded, that "the several notes or bills, on which this action is founded, were issued and paid out during the late rebellion of the Southern States, for the purpose of aiding and encouraging said rebellion, and received for that purpose by the parties to whom it was issued." This plea was verified by the president of the bank making affidavit, that "he has reason to believe that the obligations, or evidences of indebtedness, upon which the above stated suit is founded, or some part thereof, have been given, or used, for the illegal purpose set forth in the foregoing plea."

This plea was demurred to, upon the following grounds: That clause of the Constitution of Georgia on which the plea was based does not embrace bank bills or notes; the plea does not allege that any contract was made between plaintiff and defendant, or any other parties, with the intention and for the purpose of aiding and encouraging said rebellion, nor that it was the purpose of any one of the parties to said contract to aid and encourage said rebellion, such purpose being made known to the other party; that said clause of the Constitution of Georgia is void, because it impairs the obligation of these contracts. The demurrer was overruled.

Plaintiff's attorney read in evidence said bank bills and

closed. No evidence was offered by the defendant. Plaintiff's attorney requested the Court to charge the jury that said clause of the Constitution of Georgia was void, for the reason aforesaid, that it did not embrace bank bills, that plaintiff is presumed to be a *bona fide* holder for value, and said clause did not apply to said notes against *him*, unless he was a party to such illegal contract, mentioned in said clause; that said clause did not embrace notes issued before the rebellion, nor any notes, unless the jury find that they, or some of them, were made by either or both parties with the intention and for the purpose of aiding or encouraging the rebellion, and so known to the other party; or, first, that there was such illegal, principal contract made during the rebellion, and then, secondly, the notes sued on, or some of them, were executed at the same time, or since said principal illegal contract was made, by said parties or either of them, in connection therewith, or a consideration therefor, or in furtherance of said principal contract; that a re-issue of a bank note is not a making or execution thereof; that in this case slight evidence only, if credible, is sufficient to cast upon defendants the burden of proving its defense by testimony in support of its plea; that the jury may look to the evidence of the condition of said bank bills, of the time of the official connection of different officers of defendant, and their deaths, in considering the question as to when said bills were made or executed; that the mere circulation of said bills, among private persons, for lawful purposes, during the rebellion, was and is not illegal, and does not impair plaintiff's right.

The Court refused to charge any part of said request, as requested. He did charge that the date of the bills and all other circumstances might be considered by the jury, in determining the issue made, and, at the request of defendant's counsel, further charged the jury, that the plaintiff must show that the bills sued on were not issued in aid of the rebellion, or he could not recover, that defendant was not bound to prove that they were so issued, but the plaintiff must prove the contrary; that the plea follows the words of the law and throws the burden of proof on the plaintiff.

The jury found for the defendant. There was no motion for a new trial. Plaintiff's counsel says that the Court erred in overruling the demurrer to said plea, in refusing to charge as requested by him, and in charging as requested by the defendant's attorney.

BROWN, C. J., having been of counsel for the bank, would not preside. By a disagreement between the Associate Judges, the judgment below stands affirmed. No opinions were written out.

H. W. HILLIARD, for plaintiff in error.

WILLIAM T. GOULD, for defendant.